John R. Clemency (Bar No. 009646)
Julie Rystad (Bar No. 019978)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: john.clemency@gknet.com

*Proposed Attorneys for Taylor & Bishop, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**TAYLOR & BISHOP, LLC,**<br><br>Debtor. | Case No. 2:10-bk-32563<br><br>In Proceedings Under Chapter 11<br><br>**AFFIDAVIT OF JOHN R. CLEMENCY IN SUPPORT OF APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C. § 327(A) AUTHORIZING THE EMPLOYMENT OF GALLAGHER & KENNEDY, P.A. AS GENERAL COUNSEL TO THE DEBTOR** |

I, John R. Clemency, declare under penalty of perjury:

1. I am a shareholder with the law firm of Gallagher & Kennedy, PA ("G&K"), which maintains offices for the practice of law at 2575 E. Camelback Road, Suite 1100, Phoenix, Arizona 85016. I am an attorney at law, duly admitted and in good standing to practice in the State of Arizona and in state and federal courts in Arizona.

2. I respectfully submit this declaration in connection with the "*Application for Entry of Interim and Final Orders Under 11 U.S.C. § 327(A) Authorizing the Employment of Gallagher & Kennedy, PA as General Counsel to the Debtor*" (the "Employment Application") filed by Taylor & Bishop, LLC ("T&B" or the "Debtor"), debtor and debtor-in-possession in the above-captioned bankruptcy case. Pursuant to the

Employment Application, 11 U.S.C. § 327(a), and Rules 2014(a) and 2016(a), Federal Rules of Bankruptcy Procedure, T&B asks the Court to enter an Order authorizing the retention of G&K as general bankruptcy and restructuring counsel for T&B in the above-captioned case.

3. The purpose of this Declaration is to provide the disclosures required under 11 U.S.C. § 327(a), as necessary to a finding that G&K qualifies as a "disinterested person" as defined in 11 U.S.C. § 101(14) of the Code. Consistent with Federal Rules of Bankruptcy Procedure 2014(a) and 2016(a), and the Local Rules of this Court, this Declaration is intended as a verified statement setting forth to the best of my knowledge, all of G&K's connections with T&B, other parties in interest, and its professionals in this case, as well as all amounts received by G&K as compensation for professional services, expense reimbursements, and advance fee retainers in the one (1) year prior to the commencement of the bankruptcy case. In the event that additional connections within the scope of the foregoing Rules are discovered during the pendency of this case, G&K will undertake to file supplemental disclosures as may become necessary and appropriate.

4. All capitalized terms not otherwise defined herein are intended to have the meanings ascribed to them in the Employment Application, the Bankruptcy Code, and other applications and motions filed contemporaneously with this Declaration.

5. To the best of my knowledge and information, except as set forth below in paragraph 9, G&K has no connection with T&B, its respective creditors, any other party in interest herein, its current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not hold any adverse interest or represent any entity having an adverse interest in connection with T&B's case. For so long as it represents T&B, G&K will not represent any person or entity other than T&B in connection with the above-captioned case.

6. G&K maintains a computer conflict database containing the names of all of G&K's current and former clients and, where practical, the known affiliates of those

2544918v3/22941-0001                     2

persons and entities. G&K maintains and systematically updates its computer conflict system and database in the ordinary course of business, and it is the regular practice of G&K to make and maintain these records. The conflict check system and adverse party index maintained by G&K is designed to include every matter on which G&K is now or has been engaged, the entity by which G&K is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at G&K who is knowledgeable about the matter. It is the policy of G&K that no new matter may be accepted or opened without completing, and submitting to those charged with maintaining the conflict check system and adverse party index, the information necessary to check each such matter for conflicts, including the identities of the prospective clients, the matter, and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by G&K.

7. In preparing this Declaration, I caused to be submitted to and checked against that database all of the following information:

    a. the Debtor's names;

    b. the names of T&B's equity holders;

    c. the names of T&B's known creditors;

    d. the names of T&B's principals and guarantors; and

    e. the names of other parties on the Master Mailing List filed in the case.

8. As described more fully below, G&K and certain of its shareholders, counsel, and associates may have represented in the past, may represent presently or in the future, and/or may have other connections with, certain creditors of T&B or other professionals or parties in interest in this case. In all of the circumstances described, the matters have been and remain wholly and entirely unrelated to the representation of T&B in this case.

9. G&K has in the past represented, currently represents, or has connections with the following persons and entities within the scope of Federal Rule of Bankruptcy 2014(a):

   a. Prepetition, G&K represented the Debtor in connection with loan workout and restructuring negotiations with Bridgeview Bank Group, a secured creditor of the Debtor.

   b. G&K has been engaged to do work for (and continues to do work for) the Phoenix Suns and the Arizona Diamondbacks, both of which were owned in part at one point in time by Jerry Colangelo, who is the managing member of T&B.

   c. Currently, G&K is assisting Jerry Colangelo on certain issues arising out of a book that was recently published relating to the USA Basketball Team. In addition, G&K is assisting the USA Basketball with particular lease issues, and Jerry Colangelo is involved with USA Basketball.

   d. In the past, G&K has represented ADT Security Services, Inc., arguably a creditor of T&B, in unrelated matters. G&K has not received compensation for work performed in representing ADT Security Services, Inc. since 2005.

   e. Debtor will seek to retain MCA as a financial advisor in this case. MCA has worked extensively with proposed counsel over the years on several other wholly unrelated matters, including most recently *In re VIP Emperor Estates, LLC* (Case No. 2:10-00776), *In re Valley Realty Advisors, LLC* (Case No. 2-07-bk-04217-CGC) and *In re Timothy ray Wright* (Case No. 2:09-bk-32244-SSC). Further, MCA has engaged proposed counsel to serve on occasion as counsel for MCA in litigation matters (primarily matters where MCA was appointed to serve as a receiver) and to represent MCA as the Liquidating Trustee for First Magnus Financial Corporation.

   f. In addition, G&K has in the past represented and/or currently represents and may in the future represent, other entities not currently known to G&K who may be creditors of T&B in matters wholly unrelated to the bankruptcy case. To the extent that G&K discovers any such information, G&K will promptly disclose such information to the Court on notice to creditors and the United States Trustee.

10. G&K is not a creditor of T&B, and is not an equity security holder or an insider of T&B.

11. To the best of my knowledge, the standard articulated by courts regarding the retention of counsel by a debtor has been met in this case, and I believe the Court

2544918v3/22941-0001                    4

should find that G&K neither holds nor represents any interest adverse to T&B or its estate, and accordingly is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

12. The professional services that G&K expects to render to T&B include, but shall not be limited to, the following:

    a. provide legal advice with respect to T&B's powers and duties as debtor-in-possession in the continued operation of its businesses and management of its property;

    b. prepare on behalf of T&B necessary applications, motions, answers, orders, reports and other legal papers;

    c. appear in Court and protect the interests of T&B before the Court;

    d. assist T&B with loan work outs and with the collection and disposition of T&B's assets, by sale or otherwise;

    e. assist T&B in preparing and confirming a Chapter 11 plan; and

    f. represent T&B in connection with all aspects of its bankruptcy case and perform all legal services for T&B, which may be necessary and proper in these proceedings.

13. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of and other procedures that may be fixed by this Court, G&K and T&B have agreed that G&K will be compensated on an hourly basis in accordance with G&K's ordinary and customary rates which are in effect on the date the services are rendered, and that G&K will be reimbursed for all costs incurred by G&K with respect to this matter, at the rates G&K commonly charges other G&K clients for such costs, and for all actual expenses advanced by G&K with respect to this matter.

14. G&K has advised T&B that the current hourly rates for the attorneys that are expected to have primary responsibility for this representation on behalf of G&K are as follows:

    a. John R. Clemency          $525 per hour

|   |    |               |                |
|---|----|---------------|----------------|
| 1 | b. | Julie Rystad  | $400 per hour  |
| 2 | c. | Lindsi Weber  | $275 per hour  |
| 3 | a. | Brooke Allison| $250 per hour  |

Other G&K attorneys and paralegals may render services to T&B as needed. Generally, G&K's hourly rates fall within the following ranges:

| Title | Rate per Hour |
|---|---|
| Shareholders | $350 - $575 |
| Associates | $250 - $350 |
| Paralegals | $185 - $225 |
| Legal Assistants | $150 |

15. The hourly rates set forth above are G&K's standard hourly rates for work of this nature. These rates are set at a level designed to compensate G&K fairly for the work of its attorneys and paralegals. It is G&K's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses and travel related expenses, and computerized research and transcription costs. G&K will charge T&B's estate for these expenses in a manner and at rates consistent with charges made generally as counsel for debtors and committees.

16. G&K intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Arizona, and the orders of this Court. G&K will seek compensation for the services of each attorney and para-professional acting on behalf of T&B in this case at the then-current rate charged for such services on a non-bankruptcy matter.

2544918v3/22941-0001                    6

17. T&B provided G&K, and G&K currently holds an advance fee retainer in the amount of $72,481.86 (the "Retainer"). G&K has informed T&B, and T&B has agreed, that G&K will hold the Retainer in trust during the pendency of this case to be applied to toward the payment of G&K's final compensation and expenses awarded in the case pursuant to 11 U.S.C. § 330(a)(1).

18. G&K will send T&B invoices for services rendered and disbursements incurred. T&B understands and agrees that G&K will apply to the Court for approval of interim compensation and expense reimbursement from time to time during the case in accordance with 11 U.S.C. § 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Arizona, and the orders of this Court. Subject to Court approval, T&B agrees to pay all interim compensation and expense reimbursements during the case from cash on hand promptly upon approval by the Court.

19. G&K has agreed to accept as compensation in this case such sums as may be allowed by the Court on the basis of (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

20. Other than as set forth above, there is no proposed arrangement to compensate G&K in this case. No promises have been received by G&K, nor by any shareholder, counsel, or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, and the professional fees awarded and paid to G&K in connection with this case will not be shared except among the shareholders, counsel, and associates of G&K.

21. G&K does not hold any interest adverse to T&B. Other than as set forth above, G&K has not previously represented T&B in any matters related to this

bankruptcy case. G&K is not currently owed any unpaid professional fees or expenses in connection with its previous representation of T&B.

22. By reason of the foregoing, I believe that the standard articulated by courts regarding the retention of general counsel by a debtor-in-possession has been met in this case; that the Court should find that G&K neither holds nor represents any interest adverse to T&B or its estate and accordingly is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code; and that G&K is eligible for employment and retention by T&B pursuant to Section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules. To the extent that any of the connections of G&K as described in this Declaration may be perceived by the Court as threatening to impair its ability to represent T&B in any aspect of this case, T&B will seek to retain special counsel to address those matters, and I will assist T&B in making arrangements to do so.

If called to testify in this matter, I would testify consistent with my statements herein.

DATED this 8th day of October, 2010.

/s/ John R. Clemency
John R. Clemency

Copies of the foregoing served
this 8th day of October, 2010, via
First-class, U.S. Mail to the parties
on the attached service list.

/s/ Donna Elliott

2544918v3/22941-0001

8

| | | |
|---|---|---|
| ADT Security Services<br>1815 Glenview Road<br>Glenview IL 60025-2909 | Alarms Unlimited<br>6501 N. Lincoln Avenue<br>Lincolnwood IL 60712-3925 | American Combustion Services<br>19325 S. Schoolhouse Road<br>Mokena IL 60448-1560 |
| Anthony Ferraro<br>24 Mt. Hope Street<br>Pittsburgh PA 15223-1859 | Arizona Department of Revenue<br>1600 W. Monroe<br>Phoenix AZ 85007-2650 | Art Martori<br>7332 Butherus<br>Scottsdale AZ 85260-2426 |
| Aurora Tristate Fire Protection<br>1080 Corporate Boulevard<br>Aurora IL 60502-9178 | Belcore Electric<br>1600 Main Street<br>Melrose Park IL 60160-3896 | Bridgeview Bank Group<br>7940 S. Harlem Avenue<br>Bridgeview IL 60455-1598 |
| Bryan Colangelo<br>43 Lowther Avenue<br>Toronto M5R 1C5<br>ONTARIO | Chicago Diversified Foods<br>400 E. 22nd Street<br>Suite E<br>Lombard IL 60148-6104 | City of Chicago - Dept of Buildings<br>121 N. LaSalle Street<br>Chicago IL 60602-1202 |
| City of Chicago - Dept of Revenue<br>121 N. LaSalle Street<br>Chicago IL 60602-1288 | City of Chicago - Dept of Water Mgmt<br>121 N. LaSalle Street<br>Chicago IL 60602-1202 | Complete Pump Service Co., Inc.<br>461 S. Irmen Drive<br>Addison IL 60101-4313 |
| Dan Derose<br>504 North Grand Avenue<br>Pueblo CO 81003-3113 | David E. Zajicek, Esq.<br>Hinshaw & Culbertson LLP<br>4343 Commerce Court, Ste 415<br>Lisle IL 60532-3655 | David Eaton<br>2400 E. Arizona Biltmore Circle<br>Bldg 2, Suite 1270<br>Phoenix AZ 85016-2107 |
| Delwalk LLC<br>1440 Arrowhead Drive<br>Maumee OH 43537-4016 | Diana Lynch<br>3800 E. Lincoln Drive<br>Phoenix AZ 85018-1016 | Dominic Pugliani<br>2020 W. Ogden Avenue<br>Downers Grove IL 60515-2620 |
| Douglas A. Cifu<br>121 Lawrence Drive<br>Short Hills NJ 07078-3123 | Dr. Michael A. Derose<br>183 E. Greenway Avenue<br>Pueblo West CO 81007-2088 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| JAZ Investments, LLC<br>2400 E. Arizona Biltmore Circle<br>Bldg 2, Suite 1270<br>Phoenix AZ 85016-2107 | Jack P. Cerone<br>770 Lee Street<br>Suite 201<br>Des Plaines IL 60016-6467 | James L. Ferraro<br>4000 Ponce de Leon Boulevard<br>Suite 700<br>Coral Gables FL 33146-1434 |

Jerry and Joan Colangelo
2400 E. Arizona Biltmore Circle
Bldg 2, Suite 1270
Phoenix AZ 85016-2107

Joanne Minieri
359 W. 11th Street
New York NY 10014-2397

John D. Marks
8770 Bryn Mawr
8th Floor
Chicago IL 60631-3515

John M. Lee
900 Thorndale Avenue
Elk Grove Village IL 60007-6759

John M. Viola
12 E. 69th Street
New York NY 10021-4923

Joseph A. Gambino, Sr.
9901 W. Papago Freeway
Avondale AZ 85323-5307

Joseph H. Moglia
1302 N. 138th Street
Omaha NE 68154-5102

Joseph Marconi
33 W. Monroe Street
Suite 2700
Chicago IL 60603-5404

Joseph P. Martori, II
2111 E. Highland Avenue
Suite 200
Phoenix AZ 85016-4733

Lancelot Lending, LLC
6991 E. Camelback Road
Suite B310
Scottsdale AZ 85251-2493

Larry A. Zavadil
PO Box 196
Glenwood MN 56334-0196

Les Trilla
2959 West 47th Street
Chicago IL 60632-1949

Lindsey Family Ltd Partnership
16616 Villa Lenda de Avila
Tampa FL 33613-5200

Louis D. Carleo
503 North Main
Suite 5
Pueblo CO 81003-3130

Marcos Reilly, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago IL 60601-1081

Mel Shultz
2400 E. Arizona Biltmore Circle
Bldg 2, Suite 1270
Phoenix AZ 85016-2107

Michael T. Viola
12 E. 69th Street
New York NY 10021-4923

Michael Zampardi
45th W. 60th Street
Apt. 5A
New York NY 10023

Michael and Laurel D'Antoni Rev Trust
9 Hunter Lane
Rye NY 10580-1614

Mike Hallmark
617 Resolano Drive
Pacific Palisades CA 90272-3033

O'Malley and Associates
1901 Butterfield Road
Suite 500
Downers Grove IL 60515-7921

Patrick Martucci
8 Serenite Lane
Syosset NY 11791-2327

Peoples Gas
130 E. Randolph Drive
Chicago IL 60601-6302

Preferred Mechanical Heating & Cooling
67 N. 2nd Avenue
Beech Grove IN 46107-1303

R&S Electric
6504 Chester Avenue
Hodgkins IL 60525-7609

Redstone Financial
PO Box 230400
Las Vegas NV 89105-0400

Richard J. Gherardi
11 Bonac Woods Lane
East Hampton NY 11937-1883

Richard Parillo
3909 N.E. 163rd Street
North Miami Beach FL 33160-4126

SEC - Los Angeles Regional Office
Rosalind Tyson, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles CA 90036-5627

Scopelitis Garvin Light Hanson & Feary
30 W. Monroe Street
Suite 600
Chicago IL 60603-2427

Strategic Property Management
2310 N. Sheffield Avenue
Chicago IL 60614-3220

Travis Viola
12 E. 69th Street
New York NY 10021-4923

Twin Enterprises Inc
19 Yawkey Way
Boston MA 02215-3408

U.S. TRUSTEE
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ 85003-1725

Urban Elevator Service
4830 W. 16th Street
Cicero IL 60804-1530

Valley Fire Protection Services
101 N. Raddant Road
Batavia IL 60510-2203

Vincent Viola
12 E. 69th Street
New York NY 10021-4923

West End Financial Advisors
70 E. 55th Street
17th Floor
New York NY 10022-3329